IN THE
UNITED STATES DISTRICT COURT
FOR THE
WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No. 7:18CR20 |
| | : | |
| MICHAEL HOWARD SAMMONS | : | |

## STATEMENT OF FACTS

This Statement of Facts briefly summarizes the facts and circumstances surrounding the criminal conduct of the defendant, Michael Sammons, which is at issue in this case. It does not contain all of the information obtained during the investigation and applicable to an accurate Presentence Investigation Report and Sentencing Guidelines calculation. The conduct described below occurred within the Western District of Virginia, and elsewhere.

This Statement of Facts is not protected by proffer agreement.

From April 2016, and continuing until April 2017, Michael Sammons agreed with Michael Jauss, and others, to actively participate in a conspiracy to distribute 500 grams or more of methamphetamine, a Schedule II controlled substance, in and around the Western District of Virginia. During this conspiracy, the evidence would show that others supplied Michael Sammons with methamphetamine, and then, he would in turn redistribute that methamphetamine to others, including Michael Jauss, in the Western District of Virginia. Specifically, as agreed upon within the plea agreement, the drug weight involved in this conspiracy that was reasonably foreseeable to Sammons was at least 1.5 kilograms but less than 5 kilograms of methamphetamine.

If this matter proceeded to trial, the United States would set forth evidence that law enforcement made four controlled purchases of methamphetamine from Michael Sammons during April 2017. Sammons admitted that he had sold methamphetamine previously; however, he took a break. However, Sammons admitted that he began distributing methamphetamine again in 2016. Sammons admitted that he dealt with several individuals during this time period. One of those individuals, J.M., was a source of supply for Sammons. Sammons admitted that for a one-year period, he received no less than one-fourth of an ounce of methamphetamine at least once per day from J.M. Sammons admitted that the purchase amounts fluctuated between one-fourth of an ounce to an ounce. Sammons stated that he would resell meth he received from J.M. Furthermore, during the interview, Sammons admitted that Michael Jauss dealt some of the methamphetamine for Sammons, and on the date Jauss was stopped by law enforcement in Franklin County, Jauss was on his way to conduct drug sales for Sammons.

If this matter were to proceed to trial, the United States would set forth additional facts pertaining to Michael Sammons' involvement in distributing methamphetamine.

I have reviewed the above Statement of Facts with my attorney and I agree that it is true and accurate. I agree that had this matter proceeded to trial, the United States would have proven the facts outlined above beyond a reasonable doubt.

4-26-18
_____
Date

_____
MICHAEL SAMMONS
Defendant

4/26/18
_____
Date

_____
PAUL BEERS
Attorney for Defendant